UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| E.K. and S.K., minors, by and through their parent and next friend LINDSEY KEELEY; O.H., S.H., and H.H., minors, by and through their parent and next friend JESSICA HENNINGER; E.G., a minor, by and through his parent and next friend MEGAN JEBELES; E.Y. and C.Y., minors, by and through their parent and next friend ANNA YOUNG; L.K., L.K., and L.K., minors, by and through their parent and next friend ANNA KENKEL; and M.T., a minor, by and through her parent and next friend NATALIE TOLLEY,<br><br>                  Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF DEFENSE EDUCATION ACTIVITY; DR. BETH SCHIAVINO-NARVAEZ, in her official capacity as Director of the Department of Defense Education Activity; and PETER BRIAN HEGSETH, in his official capacity as Secretary of Defense,<br><br>                  Defendants. | Case No. 1:25-cv-00637-PTG-IDD<br><br>Hon. Patricia Tolliver Giles |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION OF THE COURT'S JUNE 3, 2025 ORDER**

**INTRODUCTION**

On June 3, 2025, the Court ordered the Government to file "all information/lists as to material removed [from Department of Defense Education Activity ("DoDEA") schools]."[1] After seeking and receiving an enlargement of time from this Court,[2] the Government then filed a non-emergency Motion for Reconsideration of the Court's order.[3] The Government's lists of removed material are presently due June 16.[4]

**ARGUMENT**

**I. The Court Has The Discretion To Order The List's Production.**

The Government claims that "the Court may not request evidence beyond what is necessary to resolve the preliminary injunction," (Dkt. 42, p. 4), without citing a single decision holding that the district court lacks the power to order the disclosure of information during the pendency of a motion for preliminary injunction. All of its cited cases relate to expedited discovery,[5] courts deciding the ultimate merits of a case at the preliminary injunction phase,[6] and limited records stipulated by the parties.[7]

Here, the Parties have not stipulated to a record without the list of removed books and curricular materials – indeed, Plaintiffs made clear they sought this very information prior to filing.[8] While Plaintiffs continue to maintain that the list is not essential for the Court to order their

---

[1] Dkt. 37.
[2] Dkt. 38; Dkt. 40.
[3] Dkt. 41.
[4] Dkt. 40.
[5] *Merz N. Am. Inc. v. Viveve Med. Inc.*, 2017 WL 11613694 (E.D.N.C. May 5, 2017); *2311 Racing LLC v. Nat'l Assoc. for Stock Car Auto Racing, LLC*, 2024 WL 4919420 (W.D.N.C. Oct. 31, 2024).
[6] *Toregas v. Susser*, 290 F.2d 368, 368 (D.C. Cir. 1961); *Indus. Bank of Wash. v. Tobriner*, 405 F.2d 1321, 1324 (D.C. Cir. 1968).
[7] *Johnston v. J.P. Stevens & Co.*, 341 F.2d 891 (4th Cir. 1965).
[8] Keeley Decl. ¶ 24-26, 33-34; Henninger Decl. ¶ 18; Young Decl. ¶ 12; Kenkel Decl. ¶ 20.

1

requested relief, the information contained in the list of removed books and curricular materials is still relevant to their claims and within the Court's power to order produced.

Mr. Dill seems to argue that, because "[b]ooks continue to be added" to the list, Dill Decl. ¶ 4, the Government should not be required to share this list with Plaintiffs or the Court. To the contrary, the fact that the list is expanding so rapidly from the 555 titles and 41 curricular materials DoDEA identified in opposition to Plaintiffs' Motion for a Preliminary Injunction[9] to the 596 identified in Mr. Dill's new declaration[10] only strengthens Plaintiffs' arguments that the harm here is ongoing and requires the Court's intervention. *See Di Biase v. SPX Corp.*, 872 F.3d 224, 230 (4th Cir. 2017) (noting that preliminary injunctions are "intended to protect the status quo and prevent irreparable harm during the pendency of a lawsuit").

## II. The Deliberative Process Privilege Does Not Apply.

The deliberative process privilege "does not protect factual information, even if such information is contained in an otherwise protectable document, as long as the information is severable." *Redland Soccer Club, Inc. v. Dep't of Army of U.S.*, 55 F.3d 827, 854 (3d Cir. 1995); *accord U.S. v. Booz Allen Hamilton Inc.*, No. CCB-22-1603, 2022 WL 3921019, at *3 (D. Md. Aug. 31, 2022) ("Materials containing facts untethered from an employee's 'subjective, personal thoughts on a subject' must be disclosed" (quoting *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 869 (D.C. Cir. 1980))). The Court did not order that any DoDEA employee's opinions, commentary, or future recommendations be produced. Rather, the Court ordered only that the list of titles already removed be produced. The deliberative process privilege does not protect the facts.

---

[9] Dkt. 29-3 ¶ 10.
[10] Dill Decl. ¶ 4.

The deliberative process privilege also does not apply to cases where "the plaintiff's cause of action is directed at the government's intent." *In re Subpoena Duces Tecum Served on Off. of Comptroller of Currency*, 145 F.3d 1422, 1424 (D.C. Cir.), *on reh'g in part,* 156 F.3d 1279 (D.C. Cir. 1998). Where federal law authorizes a cause of action against the challenged behavior, it makes no sense to offer the privilege as a shield. *See id.* Because Plaintiffs argue that the Government's intent in removing books is to suppress a disfavored political opinion, and not based on any legitimate educational objective, Plaintiffs' claims clearly fall within this exception and the deliberative process privilege does not apply.

Further, the deliberative process privilege does not apply to the removals of books from DoDEA schools because the challenged action has already taken place. Mr. Dill's declaration and the Motion that relies upon it represent that a "final decision" as to the books has not yet been made.[11] But that is irrelevant for purposes of this Motion, which is based on the books *that the Government has already removed from the shelves*. The decision to remove the books is already final; the books are gone. If the government eventually publishes a post-hoc justification for their removal or decides to restore them to the shelves, those would be new, separate agency actions. *See Franklin v. Mass.*, 505 U.S. 788, 796–97 (1992) (construing the Administrative Procedure Act) (holding that, to determine if agency action is "final," courts look at whether "its impact 'is sufficiently direct and immediate' and has a 'direct effect on day-to-day business'" (quoting *Abbott Laboratories v. Gardner*, 387 U.S. 136, 152 (1967)). Unlike the draft biological opinions in *U.S. Fish & Wildlife Services v Sierra Club, Inc.*,[12] the information that the Court ordered disclosed here is merely an accounting of events that have already happened. These events clearly had a "direct effect on day-to-day business" in DoDEA schools – DoDEA students can no longer check

---

[11] Dkt. 42, p. 6; Dill Decl. ¶ 5.
[12] 592 U.S. 261 (2021).

out the removed books. *See, e.g.*, Kenkel Decl. ¶¶ 9, 11. The deliberative process privilege does not protect the documentation of agency actions.

## **CONCLUSION**

For the reasons briefed, Plaintiffs respectfully request that the Court deny Defendants' Motion for Reconsideration.

Dated: June 13, 2025

Respectfully submitted,

*/s/ Matthew W. Callahan*
Matthew Callahan, VSB No. 99823
Eden Heilman, VSB No. 93554
ACLU of Virginia Foundation
P.O. Box 26464
Richmond, VA 23261
(804) 644-8080
mcallahan@acluva.org
eheilman@acluva.org

Emerson J. Sykes
Tyler Takemoto*
ACLU Foundation
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
esykes@aclu.org
ttakemoto@aclu.org

Corey M. Shapiro
William E. Sharp
ACLU of Kentucky Foundation
325 W. Main Street, Suite 2210
Louisville, KY 40202
(502) 581-9746
corey@aclu-ky.org
wsharp@aclu-ky.org

*Attorneys for Plaintiffs*

* Motion for *pro hac vice* admission forthcoming