**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| E.K. and S.K., minors, by and through their parent and next friend, LINDSEY KEELEY, *et al.*,<br><br>              Plaintiffs,<br><br>       v.<br><br>DEPARTMENT OF DEFENSE EDUCATION ACTIVITY, *et al.*,<br><br>              Defendants. | )<br>)<br>)<br>)<br>)        Case No. 1:25-cv-637 (PTG/IDD)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS'**
**MOTION TO MODIFY THE INJUNCTION, OR, IN THE ALTERNATIVE,**
**MOTION FOR INDICATIVE RULING**

Defendants, through undersigned counsel, hereby submit this memorandum of law in opposition to Plaintiffs' motion for preliminary injunction modification (Dkt. 69). In the alternative, should the Court wish to modify the scope of the injunction, Defendants submit that Federal Rule of Civil Procedure 62.1(a) is the appropriate procedural vehicle.

**INTRODUCTION**

To account for the fact that same of the named Plaintiffs have transferred to different schools in the Department of War Education Activity ("DoWEA") school system that are not one of the five schools expressly identified in the Court's injunction order, they have moved for a modification. As they see it, the Court's injunction should follow the students with them should they transfer to a different school. Defendants do not oppose this relief. Instead, Defendants oppose the procedural mechanism through which Plaintiffs are trying to obtain such relief. Because Defendants and Plaintiffs have appealed the District Court's Order granting a preliminary injunction, the Court does not have jurisdiction to modify it. Thus, unless and until those pending

1

appeals conclude, the Court cannot modify the injunction. At most, the Court can supervise Defendants' compliance with the injunction, but that is not at issue in Plaintiffs' motion. Thus, Plaintiffs' motion should be denied.

Despite this jurisdictional obstacle, there is a path forward. Through Federal Rule of Civil Procedure 62.1(a), this Court can issue an indicative ruling as to how it would modify the injunction should the Fourth Circuit remand the case. Defendants sought Plaintiffs' consent to effect Plaintiffs' requested modification of the preliminary injunction, but Plaintiffs refused unless provision was made for this Court to directly modify the injunction. Because the Court does not have jurisdiction to directly modify the injunction, Defendants request that this Court use Rule 62.1(a)'s procedures in this instance. In doing so, this Court will set the wheels in motion for modifying the injunction so that the injunction's provisions follow the named Plaintiffs regardless of the particular DoWEA school they attend. Thus, Defendants request that the Court grant their motion and enter the proposed indicative ruling enclosed with Defendants' papers.

**ARGUMENT**

**I.    This Court lacks jurisdiction to unilaterally modify the terms of the preliminary injunction while it is on appeal.**

On March 12, 2026, Plaintiffs moved this Court to modify the scope of the preliminary injunction to add Fort Campbell Middle School as one of the schools subject to the provisions of the preliminary injunction because two of the named plaintiffs, E.G. and O.H., are now enrolled there. Dkt. 69. However, as this Court is aware, both parties have noticed appeals to the United States Court of Appeals for the Fourth Circuit from this Court's preliminary injunction order. Dkt. 60; 63. With those notices of appeal, jurisdiction over that preliminary injunction order transferred from this Court to the Fourth Circuit. "An appeal, including an interlocutory appeal, 'divests the district court of its control over those aspects of the case involved in the appeal.'" *Coinbase, Inc.*

2

*v. Bielski*, 599 U.S. 736, 740 (2023) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)); *see also CASA, Inc. v. Trump*, 791 F. Supp. 3d 606, 610 (D. Md. 2025).

This principle "reflects a longstanding tenet of American procedure," *Coinbase*, 599 U.S. at 740; *i.e.*, "that a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously," *Griggs*, 459 U.S. at 58. In *Coinbase*, the Supreme Court considered whether a district court must stay its pre-trial and trial proceedings during an interlocutory appeal of a denial of a motion to compel arbitration. 599 U.S. at 738. Applying *Griggs*, the Supreme Court answered in the affirmative. *Id.* "Because the question on appeal is whether the case belongs in arbitration or instead in the district court, the entire case is essentially 'involved in the appeal.'" *Id.* at 741. Stated differently, the question of whether "the case should be litigated in the district court . . . is the mirror image of the question presented on appeal." *Id.* (citation and internal quotation marks omitted).

Here, Defendants have argued in its pending appeal that the preliminary injunction should be vacated. Appellants' Br. (ECF No. 21) at 15-44, *E.K. v. Dep't of Def. Educ. Activity*, No. 25-2497 (4th Cir.). However, Defendants have argued that "at minimum," the scope of the injunction should be narrowed. *Id.* at 44-48. And perhaps more importantly, although Plaintiffs have yet to file their initial responsive brief in the Fourth Circuit, Plaintiffs' cross-appeal presents a single issue for consideration—"whether the district court erred in limiting the scope of the injunction to the five schools in which Plaintiffs were enrolled at time of filing"[1]—which is *precisely* the issue Plaintiffs raise in their motion before this Court. *Compare* Docketing Stmt. at 3, *with* Pls.' Br. in Support of Mot. to Modify (Dkt. 70) at 4 ("Due to a change in circumstances—*i.e.*, Plaintiffs E.G. and O.H.'s move to Fort Campbell Middle School—Plaintiffs seek to modify the preliminary

---

[1] Docketing Stmt. (ECF No. 14) at 3, *E.K. v. Dep't of Def. Educ. Activity* 26-1002 (4th Cir.).

injunction to include Fort Campbell Middle School and any other DoDEA schools to which the Plaintiffs transfer throughout the pendency of the preliminary injunction."). The relief Plaintiffs seek before this Court is a "mirror image" of that which it has sought on appeal, and "it makes no sense" for this Court to modify the injunction "while the court of appeals cogitates on whether there should be one." *Coinbase*, 599U.S. at 741.

As such, this Court currently lacks the jurisdiction to take "further action on those aspects of the case involved in the appeal," *City of Martinsville v. Express Scripts, Inc.*, 128 F.4th 265, 269 (4th Cir. 2025), meaning that it cannot unilaterally order a modification to the preliminary injunction order at this time.

Plaintiffs' brief fails to address *Griggs* or *Coinbase*. Instead, they rely on cases that involve contempt proceedings while an appeal is pending, Dkt. 70 at 6, which is quite different from the factual scenario presented here; *i.e.*, these cases contemplate whether a district court can sanction a party for violating an issued injunction, not whether the injunction was correctly issued in the first instance. *See e.g.*, *Hoffman v. Beer Drivers & Salesmen's Loc. Union No. 88*, 536 F.2d 1268, 1276 (9th Cir. 1976) (noting that "an appeal from a contempt order would not affect the court's jurisdiction to issue further contempt orders based on subsequent violations of the basic injunctive order"); *Waffenschmidt v. Mackay*, 763 F.2d 711, 715 (5th Cir. 1985) (examining whether district court had jurisdiction pending appeal to hold parties in contempt of court). Both the Fifth and Ninth Circuits have subsequently made clear that courts do not enjoy a general power to modify injunctions that have been appealed to respond to factual developments. *See, e.g.*, *Coastal Corp. v. Tex. E. Corp.*, 869 F.2d 817, 820 (5th Cir. 1989); *Prudential Real Est. Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 880 (9th Cir. 2000). Plaintiffs also rely on *Vasile v. Dean Witter Reynolds, Inc.*, an unpublished opinion in which the Second Circuit noted the district court's

"broad discretion to modify a continuing injunction against a vexatious litigant," while permitting an injunction to be modified to cover additional forums for litigation. *See* No. 99-7297, 2000 WL 236473, at *1-2 (2d Cir. Feb. 14, 2000).[2] That decision turned on factors unique to a court's inherent authority "to protect federal jurisdiction," *id.*, which are not present here. In short, this Court lacks jurisdiction to modify the preliminary injunction while an appeal of the propriety and scope of that very same preliminary injunction is pending before the Fourth Circuit, and this Court should deny Plaintiffs' motion.

Plaintiffs assert that Rule 62 preserves this Court's jurisdiction to modify the injunction on appeal.[3] But the rule is not nearly so broad as Plaintiffs claim. The Fourth Circuit has held that a district court's power to modify an injunction is available in "as to matters in aid of the appeal," *Lytle v. Griffith*, 240 F.3d 404, 408 n.2 (4th Cir. 2001), or to secure "the rights of the adverse party," *Lewis v. Tobacco Workers' International Union*, 577 F.2d 1135, 1139 (4th Cir. 1978). *See also Coastal Corp.*, 869 F.2d at 820 (interpreting *Lewis* to hold "that Rule 62(c) is applicable only when necessary to secure the rights of *the party adversely affected by the injunction*." (emphasis added)). That interpretation makes good sense. If an appeal from a preliminary injunction did not divest the district court of authority to modify the injunction, then the defendant could be left to play a game of whack-a-mole in the court of appeals, trying to adjust its arguments to address a moving target. "Two courts at once is one court too many." *Express Scripts, Inc.*, 128 F.4th at 272.

---

[2] Under the Second Circuit's rules, this summary order is not even citable within the Second Circuit. *See* 2d Cir. R. 32.1.1 (b)(2) ("In a document filed with this court, a party may not cite a summary order of this court issued prior to January 1, 2007" except for a pair of exceptions not applicable here.)

[3] Plaintiffs cite (at 2) to Rule 62(c). Plaintiffs presumably mean to refer to Rule 62(d), which governs a court's authority to "suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(d); *see also Providence Title Co. v. Truly Title, Inc.*, No. 4:21-cv-147, 2021 WL 5003273, at *4 (E.D. Tex. Oct. 28, 2021) (noting that Rule 62(c) was renumbered to Rule 62(d)).

"[M]ultiple courts taking actions in the same case, on the same issues, at the same time" leads to "havoc." *Id.* at 267.

Even if Rule 62(d) were construed more broadly, Plaintiffs' proposed modification, requested well after some of the named Plaintiffs changed schools and just as the school year is about to end (Dkt. 64), would not maintain the status quo. *See CASA, Inc.*, 791 F. Supp. 3d at 613. The status quo at the time the appeals were taken was an injunction applicable to "five DoDEA schools: Crossroads Elementary School, Barsanti Elementary School, Aviano Middle-High School, Stollars Elementary School, and Egdren Middle High School." Order at 1, (ECF. No. 59). Plaintiffs seek a substantially different injunction—one tied not to specific schools but to any school attended by a named plaintiff. That type of modification—however sensible—lies beyond this Court's power to grant at this stage of the proceedings.

## II.    In the alternative, the Court could utilize the indicative ruling procedure in Federal Rule of Civil Procedure 62.1.

As stated, Defendants' position is that this Court lacks jurisdiction to *unilaterally* grant Plaintiffs' motion for modification of the preliminary injunction. However, should the Court wish to modify the preliminary injunction to follow the named plaintiffs to each new school they attend during the pendency of this litigation, "there is a potential path forward." *CASA*, 791 F. Supp. 3d at 614. Federal Rule of Civil Procedure 62.1 states, in pertinent part, that "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a)(3).

To use this procedure, this Court would have to issue an order denying Plaintiffs' instant motion for lack of jurisdiction (for the reasons stated above), while also noting that should the Fourth Circuit remand for the limited purpose of entering an order modifying the scope of the

preliminary injunction, the Court would grant Plaintiffs' motion to modify the preliminary injunction and would further modify the injunction (a) to be in effect at a particular school within the Department of Defense Education Activity system when a named plaintiff is enrolled at that particular school and (b) to dissolve automatically as against a school once a named plaintiff is no longer enrolled at that school. If and when this Court enters such an order (known colloquially as an "indicative order"), the parties will notify the Fourth Circuit of the order pursuant to Federal Rule of Appellate Procedure 12.1. Defendants have enclosed a proposed indicative order for this Court's review and consideration.

Defendants do not oppose on the merits the modification Plaintiffs seek. But Plaintiffs ask this Court to exceed its jurisdiction to grant them relief. However expedient, simply modifying an injunction that is on appeal is not a course open to this Court.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiffs' motion for preliminary injunction modification (Dkt. 69) for lack of jurisdiction, or, in the alternative, issue – along with such a denial – an indicative ruling pursuant to Federal Rule of Civil Procedure 62.1.

//

//

//

7

Dated: April 23, 2026

Respectfully submitted,

TODD W. BLANCHE
ACTING ATTORNEY GENERAL

By:  _____/s/_____

MEGHAN E. LOFTUS
MATTHEW J. MEZGER
Assistant United States Attorneys
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel:    (703) 299-3757/3741
Fax:    (703) 299-3983
Email: meghan.loftus@usdoj.gov
          matthew.mezger@usdoj.gov

*Counsel for Defendants*

8