**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

|  |  |
|---|---|
| E.K. and S.K., minors, by and through their parent and next friend LINDSEY KEELEY; O.H., S.H., and H.H., minors, by and through their parent and next friend JESSICA HENNINGER; E.G., a minor, by and through his parent and next friend MEGAN JEBELES; E.Y. and C.Y., minors, by and through their parent and next friend ANNA YOUNG; L.K., L.K., and L.K., minors, by and through their parent and next friend ANNA KENKEL; and M.T., a minor, by and through her parent and next friend NATALIE TOLLEY, <br><br>                    Plaintiffs, <br><br> v. <br><br> DEPARTMENT OF DEFENSE EDUCATION ACTIVITY; DR. BETH SCHIAVINO-NARVAEZ, in her official capacity as Director of the Department of Defense Education Activity; and PETER BRIAN HEGSETH, in his official capacity as Secretary of Defense, <br><br>                    Defendants. | Case No. 1:25-cv-00637-PTG-IDD <br><br> Hon. Patricia Tolliver Giles |

**REPLY IN SUPPORT OF PLAINTIFFS'**
**RENEWED MOTION FOR A PRELIMINARY INJUNCTION**

Defendants do not oppose the relief Plaintiffs seek through this renewed motion for preliminary injunction.[1] The only dispute is over whether this Court has the jurisdiction to enter an order granting that relief. It does. As noted below and in Plaintiffs' moving papers, even during the pendency of an appeal, a district court retains the power to modify a preliminary injunction for the purposes of preserving the status quo. This power encompasses the modification Plaintiffs seek here, which merely applies the same relief the Court granted Plaintiffs at their previous schools to the schools they currently attend.

Plaintiffs deserve to have this relief entered immediately, rather than having to wait for an indicative ruling procedure to wind its way through the Fourth Circuit.  "The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury" for purposes of a preliminary injunction. *Roman Cath. Diocese of Brooklyn v. Cuomo*, 592 U.S. 14, 19 (2020) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality opinion)). Any indicative ruling procedure also runs the risk of needlessly delaying the existing appeal, which will clarify the scope of Plaintiffs' rights. In the alternative, if this Court finds that it lacks jurisdiction to enter the requested relief, Plaintiffs do not oppose Defendants' motion for the Court to request an indicative ruling.

## I.  This Court Has Jurisdiction to Enter the Requested Modification of the Preliminary Injunction.

"Undoubtedly, after appeal the trial court may, if the purposes of Justice require, preserve the status quo until decision by the appellate court." *Newton v. Consol. Gas Co.*, 258 U.S. 165, 177 (1922); *see also Hovey v. McDonald*, 109 U.S. 150, 161–62 (1883) (noting that the rules of equity permitted lower courts "to order a continuance of the status quo until a decision should be made

---

[1] *See* Defs'. Mem. of Law in Opp'n to Pls.' Mot. to Modify the Inj. or, in the Alternative, Mot. for Indicative Ruling, Dkt. No. 82 at 7 ("Defendants do not oppose on the merits the modification Plaintiffs seek.") ("Opp'n").

by the appellate court" after a notice of appeal). Interlocutory appeals of preliminary injunctions are no exception. Federal Rule of Civil Procedure 62(d) codifies the district court's equitable power to "suspend, modify, restore, or grant an injunction" even while "an appeal is pending from an interlocutory order." Fed. R. Civ. P. 62(d) (Rule formerly codified as Federal Rule of Civil Procedure 62(c)); *see also Hayward v. Clay*, 456 F. Supp. 1156, 1159 (D.S.C. 1977). Indeed, the Federal Rules of Appellate Procedure *require* that any motion to modify an injunction while an appeal is pending be directed first to the district court; only if such a motion is "impracticable" or is denied by the district court will it be considered by the circuit court. Fed. R. App. 8(a)(1), 8(2)(A). District courts in the Fourth Circuit make use of this power to modify preliminary injunctions even while those injunctions are on appeal. *E.g.*, *S.C. State Conf. of NAACP v. Alexander*, No. 3:21-CV-03302, 2024 WL 1327340, at *2 (D.S.C. Mar. 28, 2024) ("The Court hereby exercises its authority under Rule 62(d) to modify its injunction to preserve the status quo on appeal.").

The modification Plaintiffs seek here would do nothing more than maintain the status quo. This Court found that "Plaintiffs have demonstrated that they are entitled to a preliminary injunction as to Plaintiffs' DoDEA schools." Mem. Order Granting in Part and Denying in Part Pls.' Mot. for Prelim. Inj., Dkt. 58 at 44 ("Order"). The schools were named in the Order only because Plaintiffs attended them; no other aspects of the schools were at issue. The Court enjoined Defendants from "further removal of educational books and curricular content in implementation of Executive Order Nos. 14168, 14185, and 14190 and any related memoranda, directives, and guidance at Plaintiffs' DoDEA schools" and ordered Defendants to "restore the books and curricular materials that have been removed since January 19, 2025, due to the Executive Orders, to their preexisting shelves, classrooms, and units at Plaintiffs' five schools." *Id*. This relief was

explicitly identified by the Court as an injunction that "restores the status quo" of the parties as it existed during the last uncontested status between the parties. *Id*. at 12, 43.

Plaintiffs now ask only that the Court apply the same relief to the same Plaintiffs still attending DoDEA schools. The sole change would be to align which schools are covered by the Order with the changed enrollment of the students. The modification would thus "preserv[e] the status quo" and "would not materially alter the posture of the case on appeal." *See SEC v. Xia*, No. 21-CV-5350, 2024 WL 3447849, at *7 (E.D.N.Y. July 9, 2024) (finding jurisdiction); *see also Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1167 (9th Cir. 2001). And because the Order granted that relief to Plaintiffs at the time that the parties' cross-appeals were filed to the Fourth Circuit, the entry of the order requested would preserve the status quo pending appeal as well as the status quo of the parties at the last time before the challenged action.

Defendants' cases do nothing to undermine the Court's jurisdiction. Several do not involve modifications of injunctions at all: *Coinbase v. Bielski*, 599 U.S. 736 (2023), held that a district court must stay further proceedings during an appeal of a motion to compel arbitration and *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56 (1982), held that an *appellate* court lacked jurisdiction over an appeal while a district court considered a motion to alter or amend judgment. Similarly, the Fourth Circuit held in *City of Martinville v. Express Scripts, Inc.*, 128 F.4th 265 (4th Cir. 2025), that a district court cannot remand a case to state court after a notice of appeal. *Lewis v. Tobacco Workers' Int'l Union*, 577 F.2d 1135 (4th Cir. 1978) involved a preliminary injunction is completely inapposite. In that case the Fourth Circuit held that the district court lacked the power to entirely *vacate* a preliminary injunction while the injunction was on appeal, thereby mooting

3

the appeal. *See id.* at 1139.[2] Indeed, Defendants' Fifth and Ninth Circuit cases emphasize that a district court retains the power to amend an injunction to maintain the status quo during an appeal of that injunction. *See Prudential Real Est. Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 880 (9th Cir. 2000) ("A district court lacks jurisdiction to modify an injunction once it has been appealed *except to maintain the status quo among the parties*." (emphasis added)); *Coastal Corp. v. Tex. E. Corp.*, 869 F.2d 817, 820 (5th Cir. 1989) ("the powers of the district court over an injunction pending appeal should be *limited to maintaining the status quo*" (emphasis added)).

*CASA, Inc. v. Trump*, 791 F. Supp. 3d 606 (D. Md. 2025), at least involves an appeal of a preliminary injunction, but the modification sought in that case is vastly different from what Plaintiffs request here. In *CASA*, the plaintiffs challenged the constitutionality of an Executive Order purporting to repeal birthright citizenship and obtained a universal injunction prohibiting enforcement of the challenged order. *Id.* at 608–09. The U.S. Supreme Court subsequently stayed the injunction, holding that universal injunctions were categorically unavailable. *Id.* at 609–10, 614. The plaintiffs then filed an amended complaint seeking to certify a class and moved for a

---

[2] The power to "vacate" a preliminary injunction is not listed under Federal Rule of Civil Procedure 62(d), unlike the power to "modify." Of course, Plaintiffs do not seek vacatur here.

Defendants also invoke Fifth Circuit dicta construing Fourth Circuit dicta in *Lewis* as limiting modifications under then-Rule 62(c) to the "party adversely affected by the injunction." Opp'n at 5. Not only is this dicta derived from the wording of a previous version of the Rule, it would be a bad reading of the current Rule, which states that "the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(d). "The last-antecedent rule of construction, which the Supreme Court has applied 'from [its] earliest decisions,' 'provides that a limiting clause or phrase . . . should ordinarily be read as modifying only the noun or phrase that it immediately follows.'" *Bank of Am. Corp. v. United States*, 148 F.4th 171, 176 (4th Cir. 2025) (quoting *Lockhart v. United States*, 577 U.S. 347, 351 (2016)). Thus, it is the "other terms" that must "secure the opposing party's rights," not the suspension, modification, restoration, or grant of the injunction.

class-wide injunction on the same grounds that they had previously argued for a universal injunction, all while the previous injunction was on appeal. *Id*. at 610.

The *CASA* district court held that it lacked jurisdiction to enter the class-wide injunction requested by the plaintiffs because "for purposes of Rule 62(d), the status quo pending appeal must take into account the Supreme Court's subsequent ruling" that universal injunctions were not available and the requested modification of the injunction would therefore "substantially expand the scope of the preliminary injunction on appeal—altering, not preserving, the status quo." *Id*. at 614. Neither of these issues are present in this case. The Court's Order at the time of the appeal was limited to the DoDEA schools attended by Plaintiffs on that date and entering the requested modification would only shift, not "substantially expand," the scope of the injunction.[3] No rulings by the Fourth Circuit or the Supreme Court have changed the underlying law or affected the Order issued in this case.

This Court has already found that Plaintiffs are entitled to immediate relief from Defendants' actions. Plaintiffs' requested modification of the injunction would not introduce new legal issues, change the scope of the relief, or otherwise interfere with the pending appeal. The modification would merely maintain the status quo both as it existed at the last uncontested status between the parties and as it existed at the time of the appeal by continuing to provide the same relief to Plaintiffs. Because this Court has jurisdiction to enter such a modification and Plaintiffs

---

[3] Defendants misrepresent the scope of Plaintiffs' cross-appeal as being "*precisely* the issue Plaintiffs raise in their motion before this Court." Opp'n at 3. In fact, Plaintiffs' cross-appeal seeks to expand the Court's Order to cover all DoDEA schools simultaneously, not merely to have the injunction run with the named Plaintiffs. *See* Order at 43 ("Plaintiffs contend that any injunction should apply to all DoDEA schools."); *id*. at 44 ("[T]he Court denies Plaintiffs' request for relief across all DoDEA schools."). By contrast, Plaintiffs' renewed motion merely keeps the relief ordered by the Court in place; it does not seek to re-litigate the proper scope of the injunction.

are entitled to such relief—which Defendants do not oppose—this Court should enter the order directly.

## II.     If The Court Finds It Does Not Have Jurisdiction, Plaintiffs Do Not Oppose Defendants' Motion for Indicative Ruling.

If the Court finds that it lacks jurisdiction to enter the requested modification of Plaintiffs' preliminary injunction, then in the alternative, Plaintiffs do not oppose Defendants' motion for an indicative ruling.

## CONCLUSION

The Court should issue a modified injunction prohibiting Defendants from "further remov[ing] educational books and curricular content in implementation of Executive Order Nos. 14168, 14185, and 14190 and any related memoranda, directives, and guidance at Plaintiffs' DoDEA schools: Crossroads Elementary School, Barsanti Elementary School, Aviano Middle-High School, Stollars Elementary School, … Egdren Middle High School[,]" Fort Campbell Middle School, and any other DoDEA school to which Plaintiffs may transfer, and order the Defendants "to immediately restore the books and curricular materials that have been removed since January 19, 2025." In the alternative, if the Court finds that it lacks jurisdiction to enter such an order directly, the Court should grant Defendants' Motion for Indicative Ruling.

Dated: April 29, 2026

Respectfully submitted,

*/s/ Matthew W. Callahan*
Matthew Callahan, VSB No. 99823
Eden Heilman, VSB No. 93554
ACLU of Virginia Foundation
P.O. Box 26464
Richmond, VA 23261
(804) 644-8080
mcallahan@acluva.org
eheilman@acluva.org

Emerson J. Sykes
ACLU Foundation
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
esykes@aclu.org
ttakemoto@aclu.org

Corey M. Shapiro
William E. Sharp
ACLU of Kentucky Foundation
325 W. Main Street, Suite 2210
Louisville, KY 40202
(502) 581-9746
corey@aclu-ky.org
wsharp@aclu-ky.org

Attorneys for Plaintiffs

7